IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| EVELYN C. ROBINSON | : |
| DEBTOR | : BANKRUPTCY NO. 04-35146 |
| EVELYN C. ROBINSON | : |
| PLAINTIFF | : |
| V. | : |
| BOROUGH OF DARBY | : |
| DEFENDANTS | : ADV. NO. 05-411 |

# OPINION

By:  STEPHEN RASLAVICH, UNITED STATES BANKRUPTCY JUDGE.

*Introduction*

The Debtor has filed a Complaint to determine the validity and extent of the lien of the Borough of Darby. The Borough opposes the Complaint and now moves for dismissal of the Complaint for failure to state a claim upon which relief may be granted. A hearing on the Motion was held on August 30, 2005 after which the matter was taken under advisement. For the reasons set forth below, the Motion will be granted, but the Complaint will be dismissed without prejudice.[1]

*Legal Standard*

The Borough cites no rule of procedure to support its motion but it is safe to

---

[1] Because the Complaint seeks to avoid a secured interest in the Debtor's property, it is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K). That subparagraph includes among core proceedings "determinations of the validity, extent, or priority of liens."

conclude that it operates under F.R.C.P. Rule 12(b)(6)[2]. That rule provides that a cause of action should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989). All well-pleaded factual allegations in the claim must be taken as true. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); *Rocks*, 868 F.2d at 645. The court must draw all reasonable inferences from the allegations and view them in the light most favorable to the non-moving party. *Rocks*, 868 F.2d at 645. The defendant bears the burden of establishing that no claim has been presented. *Curry v. Huyett*, 1994 WL 111357 *1 (E.D.Pa.)

*The Parties' Arguments*

The Debtor maintains that when the Borough perfected its lien, it effected a fraudulent transfer voidable under § 548(b) of the Bankruptcy Code. The Borough never addresses the question of whether a fraudulent transfer occurred and argues, instead, that as a matter of law, its lien is immune from avoidance because it is created by statute. This poses a number of questions. First, is the Borough's lien statutory? Second, if it is, is such a lien inviolate? And third, if a statutory lien is avoidable under certain circumstances, may it be avoided as a fraudulent transfer?

*The Borough Holds*
*a Statutory Lien*

We begin with the threshold question of whether the lien is "statutory." The term

---

[2]That rule is made applicable to adversary proceedings by B.R. 7012(b).

2

"statutory lien" is defined under the Code as a

> lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute

11 U.S.C. § 101(53). *See* 5 *Collier on Bankruptcy*, ¶ 545.01 (Matthew Bender 15th ed. Revised) ("A statutory lien is one that is created by statute, arises automatically and is not based on agreement to give a lien or on judicial action.") Any lien for government taxes is a statutory lien under the Bankruptcy Code. *In re J.B. Winchells, Inc.*, 106 B.R. 384, 390 (Bankr.E.D.Pa.1989). The Borough, of course, maintains that it holds such a lien. *See* Borough's Brief, 2. For its part, the Debtor concurs – implicitly at least – that the lien is statutory. Her brief characterizes the lien as a municipal lien and references the Pennsylvania statute that empowers local governments to assess claims and obtain liens for unpaid services rendered. *See* Debtor's Brief, 2-4 citing 53 P.S. § 7101, *et seq*. However, in the interest of thoroughness, the Court will analyze the Borough's claim and lien to determine if the lien is, indeed, "statutory."

The Municipal Claims and Tax Lien Act defines a "municipal claim" as a "claim arising out of, or resulting from, a tax assessed, service supplied, work done, or improvement authorized and undertaken, by a municipality …" 53 P.S. § 7101. Section 7107 of the Act creates a "lien for …*sewer* rates, or rates for *any other service* furnished by a municipality,[and] shall exist in favor of, and the claim therefor may be filed against the property thereby benefited by, the municipality extending the benefit …" 53 P.S. § 7107 (emphasis added); *see Ransom v. Marazzo*, 848 F.2d 398, 404 (3d Cir.1988)

3

("Specifically, the Act of May 16, 1923, P.L. 207, as amended, 53 P.S. § 7107, creates the remedy of a lien against benefited [*sic*] property in favor of the municipality extending water and sewer services for the collection of delinquent rents."); *see also Township of West Manchester v. Mayo*, 746 A.2d 666, 668 n.4 (Pa.Cmwlth.2000) (noting in dicta that Municipal Claims and Tax Lien Act covers trash removal). Given the statutory authority for the Borough to assess a claim and lien for unpaid sewer and trash collection services, the Court concludes that the Borough's lien is statutory.

*Avoidance of Statutory*
*Liens under the Code*

Having determined that the lien is statutory, the Court turns to the Borough's contention that such a lien may never be avoided. The Debtor would have the Court rule that it is avoidable as a fraudulent transfer. The Court's own research into the matter reveals that the Bankruptcy Code devotes a specific section to the treatment of statutory liens. Code § 545 provides:

> The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien--
>
> (1) first becomes effective against the debtor--
>
> (A) when a case under this title concerning the debtor is commenced;
>
> (B) when an insolvency proceeding other than under this title concerning the debtor is commenced;
>
> (C) when a custodian is appointed or authorized to take or takes possession;
>
> (D) when the debtor becomes insolvent;
>
> (E) when the debtor's financial condition fails to meet a specified standard; or

>   (F) at the time of an execution against property of the debtor levied at the instance of an entity other than the holder of such statutory lien;
>
>   (2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists;
>
>   (3) is for rent; or
>
>   (4) is a lien of distress for rent.

11 U.S.C. § 545. Section 545 of the Bankruptcy Code is the *exclusive* provision that permits the trustee to avoid certain statutory liens. *In re Sullivan,* 254 B.R. 661, 669 (D.N.J. 2000) (emphasis added). The leading bankruptcy commentator explains the policy consideration underlying this statute:

>   Section 545 is one of those provisions of the Bankruptcy Code in which, notwithstanding the constitutionally enjoined principle of uniformity, Congress has recognized that social, economic or political policy will sometimes justify deviation from the rule of equal distribution among creditors and deferred to local policy as expressed in statutes that vary from state to state. The tests of section 545 are designed to determine which statutory liens do not conflict with federal bankruptcy policy. While the variety of statutory liens is practically infinite, there are certain types that are to be found in all or nearly all jurisdictions. For example, there is a mechanics' lien law in every state and every territory. Statutory liens in favor of such beneficiaries as mechanics, materialmen and contractors secure persons who have contributed to an enhancement of the value of the debtor's estate, and to withhold protection of such liens in bankruptcy cases would give a windfall to the other creditors. One court noting that "there is no general federal policy against state-created liens that favor one class of creditors over others" said the question was whether the statute "had force and effect independent of the bankruptcy proceeding." [citation omitted]

5

5 *Collier on Bankruptcy* ¶ 545.01[1].

*The Borough's Lien*
*May Not be Avoided*
*As a Fraudulent Transfer*

Considering that § 545 operates as an exception to the bankruptcy principle of ratable distribution, the Debtor's cause of action – perfection of the lien as a fraudulent transfer – fails as a legal matter. All of the operative facts that debtor alleges; to wit, perfection of the lien as a transfer of an interest of the debtor in property, receipt of no reasonably equivalent value in exchange for that act of perfection, and the debtor's insolvent financial state when the transfer occurred, are taken as true for purposes of this motion. However, as pled they simply do not state a cause of action for statutory lien avoidance. This is not to say that the Borough's lien may not be avoidable under § 545; that is simply not the cause of action raised in the Complaint, and the Court, therefore, takes no position on the question.[3] For these reasons, the motion to dismiss will be granted, without prejudice and the Debtor will be afforded an opportunity to amend the Complaint if she so desires. *See In re Daniels*, 304 B.R. 695, 705 (Bankr.E.D.Pa.2003) citing 6 Wright, Miller & Kane, *Federal Practice and Procedure* Civil 2d § 1483 ("Ideally, if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.").

---

[3] Inexplicably, neither party cited that code section in their pleadings, briefs, or oral argument.

An appropriate Order follows.

By the Court:

_____
Stephen Raslavich
United States Bankruptcy Judge

Dated:   September 22, 2005

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| | : |
| EVELYN C. ROBINSON | : |
|     DEBTOR | : BANKRUPTCY NO. 04-35146 |
| EVELYN C. ROBINSON | : |
|     PLAINTIFF | : |
| | : |
| V. | : |
| | : |
| BOROUGH OF DARBY | : |
|     DEFENDANT | : ADV. NO. 05-411 |

# ORDER

AND NOW, this 22nd day of September, 2005, upon consideration of the Defendant's Motion to Dismiss Adversary Complaint, the Debtor's Response thereto, after a hearing held on August 31, 2005, and for the reasons stated in the foregoing Opinion, it is

ORDERED that the Motion is Granted without prejudice. The Debtor shall, if she so desires, amend the Complaint within fifteen (15) days of the date of entry of this Order.

By the Court:

_____
Stephen Raslavich
United States Bankruptcy Judge

Dated: <u>September 22, 2005</u>

**MAILING LIST:**

George Conway, Esquire
Office Of The U.S. Trustee
950W Curtis Center
7th & Sansom Streets
Philadelphia PA  19106

Robert F. Salvin, Esquire
COMMUNITY IMPACT LEGAL SERVICES
419 Avenue of the States, Suite 201
Chester, PA 19013

Jodi Sarah Wilenzik, Esquire
ELLIOTT GREENLEAF & SIEDZIKOWSKI, P.C.
Union Meeting Corporate Center V
925 Harvest Drive
Blue Bell, PA 19422

Frederick L. Riegle
P.O. Box 4010
Reading, PA 19606